UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICHAEL MYERS, et. al.,
v.
ARNOLD BENUS SILVA, et. al.

CASE NUMBER: 98-2176 (DRD)

## ORDER

    Co-defendants, Arnold Benus Silva, Concho Corp., and Restaurant Ballena, Inc. ("Co-defendants"), filed a Motion To Dismiss (Docket No. 6), requesting dismissal because: (1) the statute of limitations has run; and (2) diversity jurisdiction does not exist for the party in interest in this case is Joint Ventures, Inc. ("JVI") and not Plaintiffs. The Plaintiffs, Michael Myers, Suzanne Uhl-Myers, and Heidy Uhl-Myers ("Plaintiffs"), opposed. (Docket No. 8). Thereafter, a Reply (Docket No. 16) and then a Surreply (Docket No. 17) were filed. The Court takes cognizance of external materials presented by both parties and in accordance with the standard set-forth in Garita Hotel Ltd. v. Ponce Federal Bank, 958 F.2d 15, 18-19 (1st Cir. 1992), converts the motion to dismiss into a motion for summary judgment. For the following reasons the motion by Co-defendants is **DENIED**.

### STATUTE OF LIMITATIONS

    The instant complaint was filed October 20, 1998. The Co-defendants assert that the one-year prescription pursuant to Puerto Rico law began to run on this action no later than October 29, 1996 and thus this action is time barred. The Plaintiffs tendered a demand letter (Docket No. 8, Exhibit F) sent via certified mail to all Co-defendants on October 22, 1997, which Plaintiffs allege the letter tolled the statute of limitations and reset the clock as of that date. Co-defendants did not address this issue in their Reply. Moreover, the letter prima facie complies with the requisites set-forth under Puerto Rico law to interrupt and/or toll prescription. See Díaz de Diana v. A.J.A.S. Ins. Co., 110 D.P.R. 471 (1980). The Court believes that after affording Plaintiffs with all reasonable inferences as to this issue, at minimum, a genuine issue of material fact exists and, therefore, Co-defendants' motion is **DENIED**.

### DIVERSITY JURISDICTION

    Co-defendants argue that the contract, whose breach is at the core of this action, was entered into by JVI (Docket No. 8, Exhibit B) and not its shareholders – Plaintiffs. Further JVI is a Puerto Rico corporation (Docket No. 8, Exhibit 8) thereby destroying diversity with Co-defendants, whom are also residents of Puerto Rico. Primarily, Co-defendants depend on 28 U.S.C. § 1359 to support their position Plaintiffs are . Section 1359 reads as follows:

> "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

Rec'd:    EOD:

By:      # 18

The Court disagrees. Co-defendants do not dispute Plaintiffs are Maine residents, that Plaintiffs formed JVI with the sole purpose of engaging into business ventures with Co-defendant, Arnold Benus Silva, and upon the alleged breach of aforementioned contract the Plaintiffs returned to Maine, dissolved JVI, and for handing over all the shares of JVI stock received assignment of JVI's assets, including this cause of action. More importantly, Co-defendants do not refute Plaintiffs' proffer that JVI was dissolved pursuant to Puerto Rico law and the assets were lawfully assigned, along with the legal right to pursue this action, to Plaintiffs. (Docket No. 8, Exhibits C, D, and E). The Court finds that JVI was legitimately dissolved and as such was no longer capable of bringing suit. Unlike Greater Dev. Co. v. Amelung, 471 F.2d 338 (1st Cir. 1973) (the only asset transferred to another corporation was to create diversity jurisdiction) and Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640 (1st Cir. 1995) ("As in Amelung, the principal asset transferred was a legal claim." Id. at 645), in this case the dissolution of JVI was not "only to manufacture diversity jurisdiction." U.S.I. Properties Corp. v. M.D. Construction Co., 860 F.2d 1, 6 (1st Cir. 1988). Thus, the Court holds the assignment was not "improperly or collusively made." Consequently, the Co-defendants' motion is **DENIED**.

Wherefore, the Co-defendants', Arnold Benus Silva, Concho Corp., and Restaurant Ballena, Inc., Motion To Dismiss (Docket No. 6) is hereby **DENIED** and the Co-defendants must file an Answer to the Complaint **within ten (10) days** of this Order.
IT IS SO ORDERED.

Date: August 30, 1999

DANIEL R. DOMINGUEZ
U.S. District Judge

P:\PEACHORD ERS\98-2176 DIS