UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICHAEL MYERS, et. al.,
v.
ARNOLD BENUS SILVA, et. al.

CASE NUMBER 98-2176(DRD)

RECEIVED & FILED
'00 JAN 26 AM 8 46
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## ORDER

Co-defendants, Arnold Benus Silva, Concho Corp., and Restaurant Ballena, Inc. ("Co-defendants"), filed a Motion for Reconsideration (Docket No. 19) and a Motion to Submit Document in Support of Request for Consideration and Dismissal (Docket No. 20) requesting that the Court reconsider its denial of Co-defendants Motion To Dismiss (Docket No. 6) because diversity jurisdiction does not exist for the party in interest in this case is Joint Ventures, Inc. ("JVI") and not Plaintiffs. The Plaintiffs, Michael Myers, Suzanne Uhl-Myers, and Heidy Uhl-Myers ("Plaintiffs"), opposed the motion for reconsideration. (Docket No. 21).

Again, Plaintiffs are Maine residents. Plaintiffs formed JVI with the (if not the sole then a) central purpose of engaging into business ventures with Co-defendant, Arnold Benus Silva, and upon the alleged breach of aforementioned contract the Plaintiffs returned to Maine, dissolved JVI, and for handing over all the shares of JVI stock received assignment of JVI's assets, including this cause of action. The Court holds at this stage JVI was dissolved pursuant to Puerto Rico law and the assets were lawfully assigned, along with the legal right to pursue this action, to Plaintiffs. See (Docket No. 8, Exhibits C, D, and E). Because JVI was dissolved it was no longer able to bring suit. Consequently, the Court believes the dissolution and transfer of the right to sue was not "only to manufacture diversity jurisdiction." U.S.I. Properties Corp. v. M.D. Construction Co., 860 F.2d 1, 6 (1st Cir. 1988). Thus, the Court holds the assignment was not "improperly or collusively made." 28 U.S.C. § 1359. Accordingly, the Co-defendants' motion for reconsideration (Docket No. 19) is **DENIED**.

Wherefore, the Co-defendants', Arnold Benus Silva, Concho Corp., and Restaurant Ballena, Inc., must file an Answer to the Complaint **by January 31, 2000 at 5:00 p.m.** No extensions shall be granted and this deadline will be strictly enforced.

On another matter. Because the Co-defendants have asserted compliance with Plaintiffs' discovery requests (Docket No. 23), Plaintiffs' Motion Requesting Order to Compel Discovery and for Sanctions Pursuant to Rule 37 Fed. R. Civ. P. (Docket No. 22) is **DENIED WITHOUT PREJUDICE** and thus, may be re-filed.
IT IS SO ORDERED.

Date: January 19, 2000

DANIEL R. DOMINGUEZ
U.S. District Judge

P:\PEACHORD ERS\98-2176A DIS

Rec'd:              EOD:

By:                 #25

3